**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLORADO**

**In re:**

**UTE MESA LOT 2, LLC**              Case No.: 17-16194
                                                                 Chapter 11 case

**EIN: 45-3195638**

    **Debtor.**

_____/

**DEBTOR'S MOTION FOR AUTHORITY**
**TO OBTAIN POST-PETITION FINANCING**

Ute Mesa Lot 2, LLC ("Debtor"), the Debtor and Debtor-in-Possession, pursuant to 11 U.S.C. §364(b), (c) and (d), Fed.R.Bank.P. 4001, Local Rul 4001-3 and other applicable law, hereby moves this Court for entry of interim and final orders (i) authorizing the Debtor to obtain post-petition financing (the "DIP Financing") pursuant to the terms and provisions of that certain Non-Assignable Commitment (the "Commitment") between the Debtor, Ute Mesa Lot 2, LLC, 999 Ute Avenue, LLC, 101 Ute Avenue Homeowners Association, LLC and Mr. Leathem S. Stearn (collectively "Borrower") and EFO Financial Group, LLC (the "Lender"), attached hereto as **Exhibit "A"** and described in more detail herein; and (ii) granting for the benefit of the Lender a priming lien on the Debtor's real and personal property pursuant to 11 U.S.C. §364(d)(1) and a super-priority administrative expense claim pursuant to 11 U.S.C. §364(c)(1) for all funds advanced. In support, the Debtor states as follows:

**General Background**

    1.    On July 6, 2017, the Debtor filed its voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2. The Debtor is a single-purpose limited liability company whose principal asset is real property located at 1011 Ute Avenue, Aspen, CO 81611 ("Property").

3. The Property was developed as a luxury home at the base of Aspen Mountain.

4. Development of the Property is now largely complete and this Chapter 11 case will enable the Debtor to restructure its secured and unsecured debts, provide a venue for the expedited resolution of the disputes between the Debtor and the secured creditor and provide for the marketing and sale of the Property.

5. The Debtor is currently managing its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

6. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 157 and 1334. The subject matter for this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper in this district pursuant to 28 U.S.C. §1408. The statutory predicates for the relief sought herein are §105, 361, 362, 363, and 364 of the United State Bankruptcy Code.

7. To avoid unnecessary and duplicative pleading, the Debtor incorporates by reference the background facts set forth in the Debtor's Chapter 11 Case Summary (Dkt. 10), filed contemporaneously herewith.

8. The Debtor's principal secured creditor is Paul J.A. "Lex" van Hessen ("van Hessen"), an individual resident of Monaco.

9. van Hessen holds an over-secured lien on the Debtor's real property and related personal property ("Property"), and prior to the Petition Date, van Hessen alleged a default under the terms of the loan documents for failure to pay principal and interest.

10. The Debtor sued van Hessen both to determine the amounts owed pursuant to the Debtor's obligations owed and to resolve related disputes.

11. van Hessen counterclaimed and without providing notice to the Debtor requested entry of an order of receivership in an attempt to seize control and ownership of the Property, valued far in excess of the indebtedness owed van Hessen.

**Relief Requested**

12. Specifically, van Hessen is owed approximately $11.7 Million in principal with varying amounts of contract interest, default/penalty interest and other charges. Despite numerous attempts to calculate all amounts due and outstanding, van Hessen has failed to account for payments made and amounts remaining due and outstanding.

13. The property was appraised at $36 Million in August, 2014 and the Aspen market values have steadily increased since then. A copy of the August 13, 2014 Appraisal is attached hereto as **Exhibit "B"**. The Debtor plans to update the appraisal to evidence current values.

14. The Pitkin County Assessor assessed the 2017 actual value at more than $30 Million.

15. Given the actual value of the Property, the actual indebtedness owed to van Hessen can be paid, unsecured and priority creditors can be paid in full and the Debtor's equity security holders can realize on the substantial equity in the Property following an appropriate marketing and sale effort.

16. As a result of the circumstances outlined in the Debtor's Chapter 11 Case Summary, the Debtor is in need of short-term funding to (i) pay van Hessen adequate protection during the life of this Chapter 11 case and determine the amount he is actually owed; (ii) increase liquidity which will also facilitate cash flow and the successful reorganization of the Debtor, (iii) pay additional ongoing expenses related to operations of the Property, including taxes; and (iv)

pay the remaining portion of needed retainers to the undersigned counsel consistent with the Application to Employ Steven M. Berman and Shumaker, Loop & Kendrick, LLP, as General Counsel to the Debtor-in-Possession and to Authorize Post-Petition Retainer (Doc. 7) and the law firm of Podall & Podall, P.C. as special counsel.

17. By and through this Motion, the Debtor seeks the authority to obtain the DIP Financing under the terms set forth in the Commitment attached hereto as **Exhibit "A"** and all documents to be executed therewith in order to establish a secured line of credit intended to fund (i) principal and interest payment due to van Hessen, (ii) additional operating capital needed for enhanced liquidity to facilitate confirmation of the Debtor's Plan; and (iii) the post-petition retainer.

18. The Commitment's terms and conditions of the DIP Financing are summarized below:

- a. **Borrower.** Debtor, Ute Mesa Lot 2, LLC, 999 Ute Avenue, LLC, 101 Ute Avenue Homeowners Association, LLC and Mr. Leathem S. Stearn (collectively "Borrower")

- b. **Amount of DIP Financing.** $4,400,000.00.

- c. **Interest Rate.** Twelve Percent (12.00%) per annum.

- d. **Fees:** $120,000 Loan Servicing Fee,
  $176,000 Commitment Fee,
  $10,000 Application Fee,
  $15,000 Legal Fee Deposit,

- e. **Payment.** An interest reserve is created by the Commitment's terms and the loan requires the final balloon payment of all principal due to be paid at the conclusion of the loan term.

- f. **Loan Term.** The DIP Loan shall be due and payable, inclusive of all interest, fees and premiums, three hundred sixty (360) days following approval of this financing by this Court and Closing on the same.

    g. **Priority and Liens.** The Debtor's post-petition obligations under the DIP Financing shall at all times pursuant to 11 U.S.C. §§ 364(d)(1) and 364(c)(1) be secured by a senior perfected lien on the real and personal property of the Debtor and a super-priority administrative expense claim.

A copy of the Commitment is attached hereto as **Exhibit "A"**, and should be relied upon by any creditor or other party-in-interest.

**Basis for Relief**

19. The Debtor does not have sufficient available sources of working capital and financing to provide adequate protection payments to van Hessen, to fund needed administrative expenses, to complete capital expenditures on the Property, to carry on the operation of the Debtor's business and preserve the value of the Estate pending confirmation, including the significant equity in the Debtor's Property, all with an eye toward determining the amount of secured debt owed to van Hessen, preparing permanent financing and arranging an ultimate sale for the highly valuable Property.

20. The Debtor proposes to obtain financing under the DIP Financing by providing security interests and liens as set forth above pursuant to section 364(c) of the United States Bankruptcy Code.

21. Pursuant to Rule 4001 and Local Rule 4001-3, the Court may authorize the Debtor to obtain post-petition credit to the extent necessary to avoid immediate and irreparable harm to the Debtor.

22. Here, van Hessen attempted an ex-parte land grab of the Debtor's Property, which would have not only paid van Hessen what he is lawfully owed but would have stripped the Debtor of the more than $10,000,000 of equity from which priority and unsecured creditors can be paid and equity security holders can realize a substantial dividend.

23. In the absence of the DIP Financing and the protections of this Chapter 11 case, such a land grab would result in serious and irreparable harm to the Debtor and the Estate.

24. The Debtor respectfully submits that it requires the DIP Financing for all purposes set forth above, including, but not limited to, to facilitate its chances of a successful restructuring of its debts for the benefit of all of its creditors.

25. Importantly, through the DIP Financing: (1) notwithstanding a substantial equity cushion, van Hessen will be paid monthly adequate protection on his asserted indebtedness, (2) van Hessen and the Debtor will be provided with an expedited means for the Debtor and van Hessen to resolve their remaining claims as against each other in the only forum capable of authorizing the DIP Financing, resolving disputes between the parties and ensuring all creditors and the equity security holder are paid appropriately, (3) priority and unsecured creditors can be paid, (4) the substantial equity can be preserved and (5) this Court can either approve long term financing or a sale of the Property.

26. Accordingly, the DIP Financing is needed in order to avoid immediate and irreparable harm to the Debtor and its creditors and preserve the value of the Debtor's Estate, including the significant equity in the real property.

27. After appropriate investigation and analysis and given the exigencies of the circumstances, the Debtor concluded that the DIP Financing was on the only alternative available under the circumstances of this case.

28. The Debtor has exercised sound business judgment in determining that a post-petition credit facility is appropriate and has satisfied the legal prerequisites to borrow under the DIP Financing.

29. The terms of the DIP Financing are fair and reasonable and are in the best interests of the Debtor, its estate, and all of its creditors. Indeed, the terms upon which the Lender is willing to provide the DIP Financing are at or better than, any which the Debtor could have received under these conditions from other lenders.

30. Based on the value of the Debtor's Property, van Hessen's secured interest will be adequately protected under the proposed DIP Financing.

31. Indeed, although van Hessen will be primed under the proposed DIP Financing, notwithstanding a substantial equity cushion, he will be paid adequate protection and, with respect to the total indebtedness he is owed (net of claims the Debtor holds against him), he will remain fully secured based on the Debtor's estimates of the value of the Property.

32. Specifically, by adding the DIP Financing to the Debtor's current debt load and improving the Property, paying taxes, readying the Property for either permanent financing or sale, van Hessen's debt position will be dramatically improved, just not to the exclusion of paying priority and unsecured creditors, and the substantial equity for the Debtor's equity security holder will be preserved.

33. Accordingly, the Debtor should be granted authority to enter into the DIP Financing and borrow funds from the Lender on the secured, administrative super-priority basis described above pursuant to 364(c) and (d) of the Bankruptcy Code, and take other actions necessary to effectuate the DIP Financing.

34. The Debtor reserves the right to modify this Motion until such time as this Court rules on the relief requested herein.

WHEREFORE, the Debtor, Ute Mesa Lot 2, LLC, respectfully requests this Court enter an Order Granting this Motion, providing authorization for the Debtor to obtain credit by and

through EFO Financial Group, LLC on the terms set forth herein, for a finding pursuant to 11 U.S.C. § 364(e), and granting such other and further relief as this Court deems just and appropriate.

Dated: July 11, 2017.

SHUMAKER, LOOP & KENDRICK, LLP

By: /s/ Steven M. Berman
    Steven M. Berman, Esq.
    Bar ID: 856290 FL
    101 E. Kennedy Blvd., Suite 2800
    Tampa, FL 33602
    Phone (813) 229-760
    Fax (813) 229-1660
    Email: sberman@slk-law.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served either via CM/ECF Electronic Notice on July 11, 2017 or via US Mail on July 12, 2017 to **All Creditors** and Paul Moss, Esq., United States Trustee, Byron G. Rogers Federal Building, 1961 Stout Street, Suite 12-200, Denver, CO  80294.

/s/ Steven M. Berman
**Attorney**